IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HENRY KEENE, ) | |
| ) | |
| Petitioner, ) | Case No. 17-cv-342 Erie |
| ) | |
| v. ) | |
| ) | RICHARD A. LANZILLO |
| RAFAEL ZUNIGA, ) | UNITED STATES MAGISTRATE JUDGE |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

Presently before the Court[1] is a petition for a writ of habeas corpus filed by federal prisoner Henry Keene ("Petitioner") pursuant to 28 U.S.C. § 2241. ECF No. 1. He challenges the Bureau of Prisons' (the "BOP's") determination that he is not entitled to receive a sentence reduction pursuant to 18 U.S.C. § 3621(e)(2)(B). For the reasons set forth below, the petition is denied.

**I.     Relevant Background**

In August 2011, when Petitioner was in incarcerated in a county prison located in Troy, New York, he injured another inmate, Terrance Gibson, when he struck Gibson in the face with his closed fist. The State of New York originally charged Petitioner with Assault in the Second Degree. In exchange for his plea, it reduced the count to an attempt count. In December 2012, Petitioner pleaded guilty to Attempted Assault in the Second Degree, a class E felony, in violation of § 110 and § 120.05(1) of the Penal Law of the State of New York. ECF No. 1 at 12-17. The state court sentenced him to one year of incarceration, which was a time-served sentenced. *Id.* at 16, 25.

---

[1]     In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

1

In June 2014, Petitioner appeared before the United States District Court for the Northern District of New York on an unrelated criminal matter. He pleaded guilty to Conspiracy to Possess with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B). That court sentenced him to a term of 120 months of imprisonment. He is presently serving that sentence at the Federal Correctional Institution McKean ("FCI McKean"), which is located within the territorial boundaries of this Court.

In the Violent Crime Control and Law Enforcement Act of 1994, Pub.L. 103–322, Congress amended 18 U.S.C. § 3621, which governs the imprisonment of persons convicted of federal crimes. It vested the BOP with the authority to reduce the sentences of certain inmates who successfully complete its substance abuse treatment programs, one of which is its Residential Drug Abuse Program ("RDAP"). The BOP's authority is set forth at § 3621(e)(2)(B), which provides:

> **Period of custody.**–The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program *may be reduced* by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B) (emphasis added).

In *Lopez v. Davis*, 531 U.S. 230 (2001), the Supreme Court agreed with the BOP that "§ 3621(e)(2)(B) establishes two prerequisites for sentence reduction: conviction of a nonviolent offense and successful completion of drug treatment. If those prerequisites are met, [the BOP] 'may,' but also may *not*, grant early release." 531 U.S. at 239 (emphasis in original); *id.* at 240. Congress did not address how the BOP should exercise its discretion within the class of inmates who satisfy the two statutory prerequisites for early release. Therefore, the BOP was tasked with developing criteria to determine which inmates would be eligible to receive the early-release benefit. In its implementing regulation, the BOP, in an exercise of its discretion, has made

2

certain categorical exclusions, including excluding a prisoner who, within the last ten years, has been convicted of certain violent crimes, among them aggravated assault or attempted aggravated assault. Eligibility For Early Release, 28 C.F.R. § 550.55(b)(4)(iv), (6) (2016).

Petitioner participated in the RDAP program. The BOP notified him that, in accordance with § 550.55(b)(4)(iv) and (6), it had determined that his 2012 state-court conviction precludes him from receiving § 3621(e)(2)(B)'s early-release benefit. ECF No. 10-9 at 2-3. Petitioner challenged that decision through the BOP's administrative appeal process. After that appeal was denied, he filed with this Court his petition for a writ of habeas corpus, ECF No. 1, and brief in support, ECF No. 2.

Under the Administrative Procedures Act ("APA"), a federal court can set aside agency decisions that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law[.]" 5 U.S.C. § 706(2)(A). Petitioner claims that the regulations the BOP applied to him are arbitrary and capricious because his state-court conviction was nonviolent and, therefore, the scope of the regulations exceeds their purpose, which is to exclude inmates from the early-release benefit who have a prior conviction of a violent crime. In his answer, ECF No. 10, Respondent, who is the Warden of FCI McKean, contends that Petitioner's claim should be denied because the individualized decisions the BOP makes under § 3621(e)(2)(B) are not subject to judicial review. Additionally, Respondent asserts that the premise of Petitioner's claim–that his state-court conviction was nonviolent–has no merit. In his reply, ECF No. 14, Petitioner reiterates his insistence that because the regulations the BOP applied to him allegedly encompassed a nonviolent prior conviction, they are invalid under the APA.

## II. Discussion

A federal prisoner's habeas action pursuant to § 2241 must be brought in the custodial court, which is the federal district court in the district in which the prisoner is incarcerated. *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 178 (3d Cir. 2017). In relevant part, the statute provides that "[t]he writ of habeas corpus shall not extend to a prisoner unless–...He is in custody in violation of the Constitution or laws of the United States[.]" 28 U.S.C. § 2241(c)(3). The United States Court of Appeals for the Third Circuit has held that § 2241 confers habeas jurisdiction upon a federal prisoner's custodial court to hear a challenge to the BOP's "execution of" the prisoner's sentence, *see, e.g.*, *Cardona v. Bledsoe*, 681 F.3d 533, 536 (3d Cir. 2012), such as a challenge to a BOP decision that affects the duration of the prisoner's custody. *See, e.g.*, *Stiver v. Meko*, 130 F.3d 574, 576 (3d Cir. 1997); *Barden v. Keohane*, 921 F.2d 476, 478-79 (3d Cir. 1990).

Congress delegated to the BOP the duty to manage and regulate all federal correctional and penal institutions. 18 U.S.C. § 4042(a)(1). It specifically provided that federal prisoners shall be committed to the BOP's custody and that the BOP shall designate their place of imprisonment. 18 U.S.C. § 3621(a)-(b). As part of its duties, the BOP is required to "make available appropriate substance abuse treatment for each prisoner [it] determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). And, as explained above, under § 3621(e)(2)(B), the BOP may, but may not, reduce an inmate's sentence by up to one year if he successfully completes the RDAP and if he was convicted of a nonviolent offense.

Petitioner claims that the BOP's determination that he is not entitled to § 3621(e)(2)(B)'s early-release benefit was arbitrary and capricious under the APA. With limitations, the APA waives sovereign immunity by allowing for judicial review of final actions by a federal agency

for which there is no other adequate remedy. 5 U.S.C. §§ 701, 702, 704. The APA also provides an exception to the waiver of sovereign immunity when "(1) a statute precludes judicial review; or, (2) agency action is committed to agency discretion by law." 5 U.S.C. § 701(a).

Section 3625 of Title 18 of the United States Code is entitled "Inapplicability of the Administrative Procedure Act." In relevant part, § 3625 states that the APA sections governing judicial review "do not apply to the making of any determination, decision, or order under this subchapter." "This subchapter," *i.e.*, Subchapter C of the Postsentence Administration statute, includes § 3621, which, as set forth above, confers upon the BOP authority to administer the RDAP and § 3621(e)(2)(B)'s early-release benefit. Therefore, § 3625 bars judicial review under the APA of the individualized determinations the BOP makes with respect to the RDAP and whether an inmate is entitled to the early-release benefit. *See, e.g., Hunnicutt v. Hawk*, 229 F.3d 997, 1000 (10th Cir. 2010) ("Because the Administrative Procedure Act does not apply to § 3621, we may not review whether the BOP erred in [the petitioner's] particular case, but may only review whether the BOP exceeded its statutory authority in construing § 3621(e)(2)(B)."); *Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2010) ("There is no ambiguity in the meaning of 18 U.S.C. § 3625. The plain language of this statute specifies that the judicial review provisions of the APA, 5 U.S.C. §§ 701-706, do not apply to 'any determination, decision, or order' made pursuant to 18 U.S.C. §§ 3621-3624. To find that prisoners can bring habeas petitions under 28 U.S.C. § 2241 to challenge the BOP's discretionary determinations made pursuant to 28 U.S.C. § 3621 would be inconsistent with the language of 18 U.S.C. § 3625.")

Petitioner does not dispute that this Court cannot review whether the BOP erred in his particular case when it denied him § 3621(e)(2)(B)'s early-release benefit. ECF No. 2 at 6. He

5

asserts that he is challenging the BOP's rulemaking, which is not barred from judicial review under § 3625. *See, e.g., Lopez*, 531 U.S. at 232-45.

As mentioned above, the BOP was tasked with developing criteria to determine which inmates would be eligible to receive § 3621(e)(2)(B)'s early-release benefit. In the implementing regulation at issue in this case, 28 C.F.R. § 550.55(b), the BOP has excluded certain categories of inmates from receiving the early-release benefit. In *Lopez*, the Supreme Court agreed with the BOP that it may exclude inmates categorically as long as it has interpreted § 3621(e)(2)(B) reasonably, *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 8444 (1984), in a manner that is not arbitrary or capricious under the APA. 531 U.S. 239-40; *id.* at 242 ("In this familiar situation, where Congress has enacted a law that does not answer the precise question at issue, all we must decide is whether the [BOP], the agency empowered to administer the early release program, has filled the statutory gap in a way that is reasonable in light of the legislature's revealed design. We think the [BOP's] interpretation is reasonable both in taking account of preconviction conduct and in making categorically exclusions.") (internal quotations and citations omitted); *Stiver*, 130 F.3d at 577 ("When a statute expressly leaves a gap for an agency to fill with its rulemaking authority, the agency's regulations must receive 'controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute.'") (quoting *Chevron*, 467 U.S. at 844).

Section 550.55(b) provides:

(b) Inmates not eligible for early release. As an exercise of the Director's discretion, the following categories of inmates are not eligible for early release:

    (1) Immigration and Customs Enforcement detainees;

    (2) Pretrial inmates;

    (3) Contractual boarders (for example, State or military inmates);

6

> (4) *Inmates who have a prior felony or misdemeanor conviction within the ten years prior to the date of sentencing for their current commitment for*:
>
>> (i) Homicide (including deaths caused by recklessness, but not including deaths caused by negligence or justifiable homicide);
>>
>> (ii) Forcible rape;
>>
>> (iii) Robbery;
>>
>> *(iv) Aggravated assault*;
>>
>> (v) Arson;
>>
>> (vi) Kidnaping; or
>>
>> (vii) An offense that by its nature or conduct involves sexual abuse offenses committed upon minors;
>
> (5) Inmates who have a current felony conviction for:
>
>> (i) An offense that has as an element, the actual, attempted, or threatened use of physical force against the person or property of another;
>>
>> (ii) An offense that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device);
>>
>> (iii) An offense that, by its nature or conduct, presents a serious potential risk of physical force against the person or property of another; or
>>
>> (iv) An offense that, by its nature or conduct, involves sexual abuse offenses committed upon minors;
>
> (6) Inmates who have been convicted of an attempt, conspiracy, or solicitation to commit an underlying offense listed in paragraph (b)(4) and/or (b)(5) of this section; or
>
> (7) Inmates who previously received an early release under 18 U.S.C. 3621(e).

28 C.F.R. § 550.55(b) (2016).

The BOP relies on the definitions and terminology employed by the FBI's Uniform Crime Reporting (UCR) Program to determine which state offenses qualify as one of the enumerated disqualifying crimes set forth in § 550.55(b)(4). ECF No. 10 at 10; *Redmon v. Wiley*, 349

7

F. App'x 251, 255 (10th Cir. 2009). According to the UCR Program, "violent crime is composed of four offenses: murder and non-negligent manslaughter, rape, robbery, and aggravated assault. Violent crimes are defined in the UCR Program as those offenses that involve force or threat of force." ECF No. 10-12 at 2.

The UCR Program defines aggravated assault:

> *as an unlawful attack by one person upon another for the purpose of inflicting severe or aggravated bodily injury.* The UCR Program further specifies that this type of assault is usually accompanied by the use of a weapon or by other means likely to produce death or great bodily harm. Attempted aggravated assault that involves the display of–or threat to use–a gun, knife, or other weapon is included in this crime category because serious personal injury would likely result if the assault were completed. When aggravated assault and larceny-theft occur together, the offense falls under the category of robbery.

ECF No. 10-13 at 2. It also explains:

> Information on simple assaults. Assaults that do not involve the use of a firearm, knife or cutting instrument, or other dangerous weapon *and in which the victim did not sustain serious or aggravated injuries* are reported as other assaults simple, not aggravated. These data are not included in the aggravated assault statistics. See arrests for information on other assaults.

ECF No. 10-13 at 3 (emphasis added).

Under § 120.05(1) of New York's Penal Law, a defendant is guilty of the crime of assault in the second degree when "[w]ith intent to cause serious physical injury to another person, he causes such injury to such person or to a third person[.]" N.Y. Penal Law § 120.05(1) (McKinney's Nov. 2016). "Serious physical injury is defined as 'physical injury which creates a substantial risk of death, or which causes death, or serious and protracted impairment of health or protracted loss, or impairment of the function any bodily organ.'" *People v. Felipe*, 79 A.D. 3d 1454, 1455 (N.Y. App. Div. 2010) (quoting N.Y. Penal Law § 10.00[10]). Under New York Penal Law § 110.00, a person is guilty of criminal attempt when, with intent to commit a crime, he engages in conduct which tends to effect the commission of the crime. N. Y. Penal Law

§ 110.00 (McKinney's Nov. 2016). At his 2012 state-court hearing, Petitioner pleaded guilty to attempted assault in the second degree in violation of §110.00 and § 120.05(1). He admitted that he "struck Terrance Gibson in the face" and that he, "with intent to cause serious physical injury to Terrance Gibson, attempt[ed] to strike Terrance Gibson in the face with a closed fist *causing fractured bones in his face*[.]" ECF No. 1 at 21 (emphasis added).

Based upon all of this, the BOP concluded that Petitioner's 2012 state-court conviction fell within the UCR Program's definition for aggravated assault because his offense entailed "an unlawful attack by a person upon another for the purpose of inflicting severe or aggravated bodily injury." ECF No. 10 at 12; ECF No. 10-9 at 2. Under § 550.55(b)(6), an attempt is treated the same as the underlying offense attempted. *See* ECF No. 1 at 38 (in which the BOP's Regional Director explained to Petitioner that "[a] review of your appeal and records indicate you have a prior conviction for Attempted 2nd Degree Assault. An attempt is treated the same as the underlying offense attempted.")

Petitioner insists that the BOP erred because his state-court conviction was nonviolent and does not meet the UCR Program's definition of aggravated assault. Therefore, he claims, the rules it applied to him–§ 550.05(b)(4)(iv) and (6)–are arbitrary and capricious because they encompass conduct that is broader that the UCR Program's definition and preclude an inmate with a nonviolent prior offense from receiving § 3621(e)(2)(B)'s early release benefit.

Petitioner's argument is not persuasive. Although he insists he is not asking the Court to review the individual decision that the BOP made in his specific case, his claim is premised upon the allegation that the BOP erred when it determined that his 2012 state-court conviction fell within the UCR Program's definition of aggravated assault. Therefore, he is asking the Court to

9

review the individual determination the BOP made with respect to him. As set forth above, that determination is not subject to judicial review in light of § 3625.

Additionally, to extent that the Court can review the BOP's determination that Petitioner's 2012 state-court conviction fell within the UCR Program's definition for aggravated assault as part of an evaluation of Petitioner's challenge to the BOP's rulemaking, the Court concludes that the BOP did not err. Therefore, the Court rejects the premise of Petitioner's APA claim. He pleaded guilty to attempted second degree assault under § 120.05(1), which provides that a person is guilty of that crime when, "[w]ith intent to cause serious physical injury to another person, he causes such injury to such person or to a third person[.]" The judge did comment at the beginning of the hearing that Petitioner was pleading to a nonviolent offense, ECF No. 1 at 11, but he made that statement during a brief discussion about the State reducing his charge in exchange for his plea. Additionally, the trial court made that comment before Petitioner admitted that he struck Terrance Gibson in the face with his closed fist and that Gibson incurred fractured bones in his face. ECF No. 1 at 21. In any event, and as Respondent points out, that single comment by the state-court judge did not preclude the BOP from subsequently deciding that Petitioner was not entitled to § 3621(e)(2)(B)'s early-release benefit under its regulations. When the BOP made its determination, it considered the terminology used by the UCR Program, the elements of the offense to which Petitioner pleaded guilty, and his prior conviction records. Considering all of those things together, the BOP did not err in determining that Petitioner's 2012 state-court conviction was violent and fell within the UCR's definition of aggravated assault.

Petitioner also argues that the BOP erred in concluding that his state-court conviction met the UCR Program's definition of aggravated assault because he did not use a weapon. This argument has no merit because the UCR's "definition of aggravated assault does not require the

use of a weapon, but simply notes these assaults 'usually' involve a weapon or 'means likely to produce death or great bodily harm.'" *Redmon*, 349 F. App'x at 255 (quoting *Zacher v. Tippy*, 202 F.3d 1039, 1043 n.4 (8th Cir. 2000)). He also contends that it is possible that a defendant can be convicted of assault in the second degree under § 120.05 without a finding of serious physical injury. In support, his cites to other subparagraphs of that statute, such as § 120.05(7), in which the intent to cause serious physical injury is not an element of the offense. His argument is irrelevant, because he was convicted of attempted second degree assault under § 120.05(1), and serious physical injury is an element of that crime.

Based upon all of the foregoing, Petitioner has not demonstrated that he is entitled to habeas relief. This Court cannot review the individualized determination the BOP made in his specific case. Additionally, his claim that the regulations the BOP applied to him to deny him the early-release benefit are arbitrary or capricious under the APA has no merit. Therefore, the Court will deny his petition.

An appropriate order follows.

## ORDER

AND NOW, this 6th day of June, 2019, IT IS ORDERED that Petitioner's petition for a writ of habeas corpus is DENIED.[2]

_____
RICHARD A. LANZILLO
United States Magistrate Judge

---

[2] 28 U.S.C. § 2253 sets forth the standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. *United States v. Cepero*, 224 F.3d 256, 264-65 (3d Cir. 2000), abrogated on other grounds by *Gonzalez v. Thaler*, 565 U.S. 134 (2012).